FILED

JUN 22 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 17CR 436 |
| ) | |
| v. ) | |
| ) | Violations: Title 18, United States Code, |
| LOREN STEVEN HUNLEY, ) | Sections 1014 and 1344 |
| LINDA NULF, aka "Linda Vivian," ) | |
| and EDDIE ANDRE PASCAL ) | JUDGE NORGLE |

## COUNT ONE

MAGISTRATE JUDGE COLE

The SPECIAL JULY 2016 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant LOREN STEVEN HUNLEY was a licensed loan originator in the State of Illinois who owned and controlled Bedrockk Enterprises, Inc. and LH Realty, LLC.

    b. Defendant LINDA NULF was a licensed loan originator in the State of Illinois.

    c. Defendant EDDIE ANDRE PASCAL owned and controlled Pass Go, Inc.

    d. Lenders required mortgage loan applicants to provide truthful information, including truthful information about: the applicant's financial condition, employment, income, assets, liabilities, and intention to occupy the property; the source of the applicant's earnest money payment; and money paid to the applicant for purchasing the property, which information was material to lenders' approval, terms, and funding of loans.

e. Lenders often sold the mortgage loans to other lenders and institutions ("successors"). Lenders disclosed that the mortgage loans could be sold and the likelihood that the mortgage loans would be sold. The information provided in loan applications and supporting documents, including the buyer's financial condition and money paid to the buyer for purchasing the property, was material to the successors' decision to purchase the mortgage loans.

f. Chase Bank USA N.A. and BankUnited FSB were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and were lenders that made mortgage loans to finance the purchase of residential properties.

2. Beginning no later than in or around 2006, and continuing until in or around 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LOREN STEVEN HUNLEY,
LINDA NULF, aka "Linda Vivian,"
and EDDIE ANDRE PASCAL,

defendants herein, knowingly participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under the custody and control of financial institutions by means of materially false and fraudulent pretenses, representations, and promises, and concealment of material facts, which scheme is further described below.

3. It was part of the scheme that defendants LOREN STEVEN HUNLEY, LINDA NULF, and EDDIE ANDRE PASCAL caused buyers to fraudulently obtain mortgage loans from lenders in a total amount of at least approximately $1,469,250, for properties including: (i) 1651 N. LeClaire Avenue, Chicago, Illinois; (ii) 1544 S. Kedvale

2

Avenue, Chicago, Illinois; and (iii) 7323 S. Yates Boulevard, Chicago, Illinois, by making and causing to be made materially false representations in documents submitted to the lenders, including, but not limited to, loan applications, HUD-1 settlement statements, and real estate contracts concerning, among other things, money paid to the buyers for purchasing the properties, the source of the buyers' earnest money payments, and the buyers' financial condition, employment, income, assets, liabilities, and intent to occupy the properties.

**The LeClaire Property**

4. It was further part of the scheme that in 2006 defendant EDDIE ANDRE PASCAL recruited Individual A to purchase a property located at 1651 N. LeClaire Avenue, Chicago, Illinois from Company A, knowing that Individual A would be fraudulently qualified for a mortgage loan to finance the purchase.

5. It was further part of the scheme that in 2007, defendant LOREN STEVEN HUNLEY, with others, facilitated a "double closing" on the LeClaire property, whereby defendant HUNLEY arranged for a "short sale" of the property from Individual A to LH Realty, and on the same day, a sale of the property from LH Realty to Individual B. Defendant HUNLEY arranged for the sale of the property to Individual B, knowing that it was falsely represented to the lender financing Individual B's purchase that LH Realty owned the property at the time of the sale, when it did not.

6. It was further part of the scheme that defendant EDDIE ANDRE PASCAL, with defendant LOREN STEVEN HUNLEY's knowledge, recruited Individual B whom

3

both defendants knew would be fraudulently qualified for a mortgage loan to purchase the LeClaire property.

7. It was further part of the scheme that defendants LOREN STEVEN HUNLEY and EDDIE ANDRE PASCAL caused a loan application for Individual B's purchase of the LeClaire property to be submitted to a lender knowing that the application contained false information about the source of Individual B's earnest money, and Individual B's employment, income, and intent to occupy the property.

8. It was further part of the scheme that defendants LOREN STEVEN HUNLEY and EDDIE ANDRE PASCAL caused to be submitted to the lender, in support of Individual B's fraudulent loan application, a W-2 Wage and Tax Statement, and pay stubs, all of which both defendants knew contained false information about Individual B's employment and income.

9. It was further part of the scheme that defendants LOREN STEVEN HUNLEY and LINDA NULF caused to be submitted to the lender, in support of the fraudulent loan application package, a verification of rent, both defendants knowing that the verification contained false information about Individual B's rent payment history.

10. It was further part of the scheme that defendant LOREN STEVEN HUNLEY caused to be submitted to the lender a HUD-1 settlement statement, knowing that it contained false information about the earnest money and a concealed payment to Individual B for purchasing the property.

### The Kedvale Properties

11. It was further part of the scheme that in 2007 defendant LINDA NULF caused loan applications for the purchases of three properties, 1544 S. Kedvale Avenue, Units 1-3, Chicago, Illinois, by Individual C from Company A, to be submitted to three different lenders, knowing that Individual C's applications for Units 2 and 3 contained false information regarding Individual C's income and assets.

12. It was further part of the scheme that defendant LOREN STEVEN HUNLEY provided the earnest money payments and other payments for Individual C's purchases of 1544 S. Kedvale Avenue, Units 2 and 3, knowing that those payments would be concealed from the lenders on the HUD-1 settlement statements.

### The Yates Property

13. It was further part of the scheme that in 2008, defendant LINDA NULF caused a loan application for Individual C's purchase of a property located at 7323 S. Yates Boulevard, Chicago, Illinois to be submitted to a lender, knowing that the application concealed Individual C's liabilities incurred through the purchases of the Kedvale properties.

14. It was further part of the scheme that defendants LOREN STEVEN HUNLEY, LINDA NULF, and EDDIE ANDRE PASCAL did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

15. On or about June 29, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LOREN STEVEN HUNLEY,
> LINDA NULF, aka "Linda Vivian,"
> and EDDIE ANDRE PASCAL,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Chase Bank USA N.A., a financial institution, to fund a mortgage loan in the amount of approximately $375,250 for Individual B's purchase of 1651 N. LeClaire, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL JULY 2016 GRAND JURY further charges:

1. Paragraphs 1 through 14 of Count One are incorporated here.

2. On or about October 26, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LOREN STEVEN HUNLEY
and LINDA NULF, aka "Linda Vivian,"

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing BankUnited FSB, a financial institution, to fund a mortgage loan in the amount of approximately $207,000 for Individual C's purchase of 1544 S. Kedvale, Unit 2, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL JULY 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about June 29, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LOREN STEVEN HUNLEY
and EDDIE ANDRE PASCAL,

defendants herein, knowingly caused a false statement to be made to a financial institution, namely, Chase Bank USA N.A., for the purpose of influencing the action of Chase Bank USA N.A. upon a mortgage loan for purchase of a property located at 1651 N. LeClaire, Chicago, Illinois, in that defendants caused to be stated in a loan application that Individual B worked for Pass Go Enterprise and earned approximately $7,000 per month in wages, when defendants knew that such statements were false;

In violation of Title 18, United States Code, Section 1014.

## COUNT FOUR

The SPECIAL JULY 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about October 26, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LINDA NULF, aka "Linda Vivian,"

defendant herein, knowingly caused a false statement to be made to a financial institution, namely, BankUnited FSB, for the purpose of influencing the action of BankUnited FSB upon a mortgage loan for purchase of a property located at 1544 S. Kedvale, Unit 2, Chicago, Illinois, in that defendant caused to be stated in a loan application that Individual C had monthly employment income of approximately $5,749, when defendant knew that such statement was false;

In violation of Title 18, United States Code, Section 1014.

## FORFEITURE ALLEGATION

The SPECIAL JULY 2016 GRAND JURY further alleges:

1. The allegations of Counts One through Four of this indictment are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2).

2. As a result of their violations as alleged in Counts One through Four of the foregoing indictment,

> LOREN STEVEN HUNLEY,
> LINDA NULF, aka "Linda Vivian,"
> and EDDIE ANDRE PASCAL,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest they may have in any property, real and personal, which constitutes and is derived from proceeds obtained directly and indirectly as the result of the offenses charged in Counts One through Four.

3. The interests and property of defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2) as incorporated by Title 28, United States Code, Section 2461(c), include but are not limited to at least approximately $1,198,700.

4. If any of the forfeitable property described above, as a result of any act or omission by defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

 All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY